[No. 15450.   Department One.   December 3, 1919.].

ALFRED SHEMANSKI *et al., Appellants,* v. A. GOLDBERG,
*Respondent.*[1]

VENDOR AND PURCHASER (60) — RESCISSION BY VENDEE — FRAUD—
RELIANCE ON REPRESENTATIONS.   Purchasers of lots in a townsite in
the far north of Canada, may rely on representations of the vendor
as to the value and situation of the property; and recover purchase
price paid on sales induced by false representations.

Appeal from a judgment of the superior court for
King county, French, J., entered December 4, 1918,
upon findings in favor of the defendant, in an action
for rescission, tried to the court.   Reversed.

*Max Hardman,* for appellants.
*Vince H. Faben,* for respondent.

MACKINTOSH, J.—The respondent was a friend of
appellant Danziger, and interested him and the other
appellants in the purchase of lots in the townsite of
Fort Salmon, Province of British Columbia, Canada,
and the appellants now ask the court to rescind the
transaction, alleging that they were induced to pay
$1,400 for Fort Salmon lots by the false representa-
tions of the respondent.   These representations related
to the value of the property, its claimed exemption
from taxation for five years, the presence of a railroad
and the survey of others, and the location of a post
office.

It is needless to review in detail the interesting
record, but its examination shows the representations
to have been false and compels the conclusion that
valueless property, located at some indefinite place in
the wild northland, was sold to Danziger and his two
associates by his pseudo-friend, who, upon the witness

[1]Reported in 185 Pac. 574.

stand, was astonishingly unenlightening about all the matters which related to the location, value and conditions of the property. Nor were the witnesses called to establish the *bona fides* of the transaction by proof as to these matters able to even approximately define the situs of the town of Fort Salmon. The position of the respondent was tersely revealed when, in answer to an inquiry as to a material condition of the townsite, he said: "I don't know, and don't care."

Equipped with that amount of information and animated by that degree of solicitude, he cannot now say that the appellants were unjustified in relying upon his representations founded on what, at the time, he· claimed was knowledge and made with what, at the time, he asserted was accuracy. When one is engaged in the sale of far-off lands to his friends, upon representations as to their value, location and desirability, he should both know and care.

The record persuades us that the judgment should have been for the appellants, and it is so ordered. The appellants will have judgment for $1,400, and interest and costs.

MITCHELL and MAIN, JJ., concur.